BARHAM, Justice
(dissenting from refusal to grant writ).
Plaintiff-relator is a holder of a nonexclusive franchise under which it has been *291 operating a water and sewerage facility in the College Town Subdivision outside the City of Hammond. Under that franchise plaintiff built and is maintaining considerable facilities which are financed in part by over a million dollars of revenue bonds. The City of Hammond has annexed the College Town Subdivision. Plaintiff brings this suit seeking to enjoin acts and projected works of the city which it alleges would “render nugatory and valueless plaintiff’s present facilities and systems” and which, in effect, would deny to the plaintiff even a “non-exclusive” franchise. The pertinent allegations follow:
“6. Plaintiff shows that defendant [City of Hammond] purportedly annexed the area known as College Town Subdivision more' particularly described herein, and has further indicated its intention to undertake projects for water and sewerage servicing of the inhabitants of College Town Subdivision at a cost of $6.80 per front foot for the sewerage project and $5.00 per month plus the cost of water for waterlines and service.
“7. Plaintiff shows that defendant intends to construct and maintain a ‘duplicate water and sewerage system’ duplicating that presently owned, maintained and operated by plaintiff in the College Town Subdivision area, with mandatory taxation and assessments imposed by defendant upon the residents and inhabitants of said subdivision.
“8. Plaintiff shows that the aforementioned acts and projects by defendant, which defendant is presently in the process of instigating, is an unconstitutional invasion of the rights of plaintiff, is an attempt by defendant to serve users presently being more adequately served by plaintiff would if not enjoined render nugatory and valueless plaintiff’s present facilities and systems, and will if not restrained result in irreparable injury, loss and damage to plaintiff.
“9. Plaintiff shows that the aforementioned project and acts of defendant lack any public necessity, purpose or utility, and should be enjoined so as to save plaintiff from irreparable injury, loss and damage.” (Emphasis supplied.)
An operator under a non-exclusive franchise has no right to complain of fair competition from other independent operators or from political subdivisions. However, one who operates under the grant of a nonexclusive franchise does own certain valuable property rights and is riot without remedy for violation of contractual relationships, impairment of contractual rights, and damaging or taking of private property. To conclude that the City of Hammond or one franchised by the city could compete with the plaintiff in supplying services to the College Town Subdivision does not determine whether or not the plaintiff has stated a cause of action in his petition. .
*293 The plaintiff’s cause of action is stated when it alleges that the city intends to levy costs for construction, costs for services, and taxation uniformly upon every resident and inhabitant of the subdivision whether a user of plaintiff’s services or a user of the city’s services. This is more than merely competition with the non-exclusive franchise held by plaintiff. Certainly it must be conceded that residents will not pay twice for the same services, and that such a project would automatically deprive plaintiff of customers and close its operation. Under this allegation the City of Hammond effectually confiscates the property of plaintiff and effectually terminates a valid contractual right of plaintiff. The plaintiff has the right to a day in court for the purpose of attempting to establish the truthfulness of the allegations which, if supported, would show unfair competition, in fact, a denial of its right to compete. Such a showing may constitute a taking of private rights without compensation, an impairment of contractual rights, and an unconstitutional exercise of power by the City of Hammond.
The exception of no cause of action is not well founded, and I am therefore of the opinion that the determinations of the courts below are in error. I respectfully dissent from the refusal of the writ.